FARMER, Judge.
Appellant is a broker-dealer in securities. Appellees are investment advisers acting under powers of attorney given them by several investors. Appellees arranged for their investors to enter into individual customer account agreements with appellant. Appellant sued appellees, as well as the individual customers, for money damages. The customer account agreements and the powers of attorney were attached to appellant’s complaint.
The complaint alleged that appellees agreed to take full responsibility for the management, trading, purchasing and selling of securities in each of the accounts and that neither appellees nor their investors would hold appellant responsible for the management of the accounts. It then alleged that during the stock market crash of October 1987, the value of the individual customer accounts plunged and appellant made margin calls on appellees for the accounts, to which appellees responded with assurances. Ultimately no funds were deposited in the accounts, and appellant liquidated them with margin deficiencies.
In its suit, appellant alleged that appellees were personally responsible for the deficiencies. It based its theories of recovery on contract, breach of fiduciary *1162 duties and negligence. Unfortunately for appellant, the powers of attorney and individual customer account agreements, attached to its pleading, as well as the operative facts alleged, negated any theory of liability against appellees. On that basis, the trial court granted appellees’ motion to dismiss for failure to state a cause of action.
At the hearing on the motion, the court specifically discussed with appellant whether leave to amend should be granted. It is clear to us from a review of the transcript of that hearing that appellant persisted with its position that the court should allow appellant to proceed on the three theories pleaded in its complaint against appellees, and that amending the pleading was not necessary.[1]
Ordinarily we would view with some suspicion such a first dismissal for failure to state a cause of action without leave to amend. In this case, however, it is inescapable that appellant did not want to amend but instead wanted the right to offer evidence on its defective pleading. We are unwilling to allow an appellant to change a determinedly advocated trial court position on appeal, simply to have another go at pleading something that it disdained pleading below.
We therefore affirm both parts of the trial court’s ruling below: i.e. the complaint failed to state a cause of action as against appellee-investment advisors, and the complaint as against appellees should be dismissed with prejudice.
AFFIRMED.
ANSTEAD, J., concurs.
WARNER, J., dissents with opinion.

. The trial court’s ruling did not affect appellant's pleading against the individual customers who were also joined in the action as defendants.